■ RICHARD A. ADAMS, Appellant-Respondent, v ROCHESTER GAS AND ELECTRIC CORPORATION, Respondent-Appellant. [594 NYS2d 501] —Cross appeal unanimously dismissed without costs and order modified on the law and as modified affirmed in accordance with the following Memorandum: Plaintiff was injured while operating his motorbike on a right-of-way owned by Baltimore & Ohio Railroad Company (B & O). Plaintiff alleges that he was injured when the left handlebar of his motorbike came into contact with a guy-wire supporting a wooden pole that had been placed on the property by defendant pursuant to a written agreement between defendant and B & O.

Supreme Court erred in determining that defendant is entitled to the protection of General Obligations Law § 9-103. Under its agreement with B & O, defendant had the right to "construct, maintain and use" a high-voltage transmission line along the right-of-way where the accident occurred. By virtue of its limited use of the property, defendant does not qualify as an "owner, lessee or occupant of premises" entitled to the broad grant of immunity afforded by the statute (General Obligations Law § 9-103 [1] [a]; *cf., Bowles v Kawasaki Motor Corp. USA,* 179 AD2d 299).

The sole purpose of General Obligations Law § 9-103 is "to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue specified activities" *(Ferres v City of New Rochelle,* 68 NY2d 446, 451; *accord, Iannotti v Consolidated Rail Corp.,* 74 NY2d 39, 43). The agreement with B & O conferred no authority upon defendant to exclude others from using the property or to open the right-of-way for recreational use. Therefore, the basic purpose of the statute would not be served by extending the immunity from liability to defendant *(see, Ferres v City of New Rochelle, supra,* at 452).

Supreme Court properly concluded that defendant is not entitled to summary judgment on the ground that the incident was as consistent with non-negligence as with negligence. Further, defendant failed to meet its burden of establishing, as a matter of law, that plaintiff assumed the risk of injury *(see, Lamey v Foley,* 188 AD2d 157).

We modify the order, therefore, by striking the first, third, fourth and fifth ordering paragraphs, granting plaintiff's mo-

tion to dismiss defendant's second affirmative defense, denying defendant's cross motion for summary judgment and reinstating the complaint.

Defendant's cross appeal is dismissed. Defendant is not aggrieved by the order that granted its cross motion for summary judgment dismissing the complaint (see, CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.*, 45 NY2d 482, 488; *Flower City Insulation v Board of Educ.*, 188 AD2d 157). (Appeals from Order of Supreme Court, Monroe County, Wisner, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Doerr and Boehm, JJ.