877 P.2d 1339

**Grezegorz W. STRAMKA and Elzbieta Stramka, his wife, Plaintiffs–Appellants,**

**v.**

**SALT RIVER RECREATION, INC., an Arizona corporation, Defendant–Appellee.**

**No. 1 CA–CV 92–0100.**

Court of Appeals of Arizona, Division 1, Department E.

July 21, 1994.

---

Bruce F. Demaree, P.C., Phoenix, for plaintiffs-appellants.

Sorenson, Moore, Evens & Marshall by Cole D. Sorenson and John S. Schaper, Phoenix, for defendant-appellee.

## OPINION

NOYES, Judge.

The issue is whether Arizona's recreational use statute, A.R.S. section 33-1551, immunizes Appellee Salt River Recreation, Inc. ("SRR") from liability to Appellant Grezegorz Stramka for personal injuries he received while floating the Salt River in an inner tube rented from SRR. We conclude that SRR does not qualify for the immunity granted by the recreational use statute because it is not an "occupant" of the premises in question. Because the trial court's grant of summary judgment to SRR was based solely on recreational-use-statute immunity, we reverse and remand for further proceedings.

### Facts and Procedural History

On appeal from summary judgment, we view the facts in a light most favorable to Stramka, the non-moving party. *See Newman v. Sun Valley Crushing Co.*, 173 Ariz. 456, 457, 844 P.2d 623, 624 (App.1992). The area in question is that portion of the Tonto National Forest known as the Lower Salt River Recreation Area. SRR has a permit from the United States Forest Service to operate and maintain a shuttle bus system on the public roads in this area and to sell concessions and rent inner tubes from a three-acre site of land within this area.

Plaintiff Stramka is a recent immigrant to the United States who claims that all he knew about tubing was what he learned from SRR's television advertisements and that he had not been warned that there might be sharp objects in the river. On the day of his injury, Stramka and his family drove to the SRR business site and rented inner tubes for $6.00 each. They boarded SRR buses and were shuttled to the entry point on the river. Shortly after entering the river, Stramka fell out of the tube and cut his hand on something sharp under the water, receiving allegedly serious and permanent injuries.

Stramka and his wife sued SRR, alleging various theories of negligence. The lawsuit was assigned to an arbitrator because the relatively small amount of the claim made it subject to compulsory arbitration pursuant to Rule 3.10, Local Rules of Practice, Maricopa County. SRR filed a motion for summary judgment on grounds that A.R.S. section 33-1551 relieved it of any duty to Stramka. The arbitrator granted summary judgment to SRR and Stramka appealed to the superior court. The parties then stipulated that, without conducting discovery or filing motions on other issues, they would resubmit to

the trial court SRR's motion for summary judgment based solely on the applicability of section 33–1551. The trial court granted summary judgment to SRR.

Stramka then appealed to this Court. We repeat that the merits, if any, of Stramka's claims against SRR are not at issue in this appeal; the only issue is whether SRR qualifies for the immunity conferred by section 33–1551. We have jurisdiction pursuant to A.R.S. section 12–2101(B) (Supp.1993).

## The Recreational Use Statute

The applicability of A.R.S. section 33–1551, the "recreational use" statute, is an issue of law that this court reviews de novo. See Walker v. City of Scottsdale, 163 Ariz. 206, 208, 786 P.2d 1057, 1059 (App.1989). Because the statute limits common law liability to invitees, it must be strictly construed. See Hayes v. Continental Ins. Co., 178 Ariz. 264, 272, 872 P.2d 668, 676 (1994) (stating that Arizona courts are reluctant to interpret statutes in favor of denying or preempting tort claims); see also Walker, 163 Ariz. at 211, 786 P.2d at 1062 (applying strict construction of Arizona's recreational use statute). Any exceptions to immunity statutes must be broadly construed in favor of allowing plaintiffs to proceed with their cause of action. See Wringer v. United States, 790 F.Supp. 210, 213 (D.Ariz.1992) (construing A.R.S. section 33–1551 strictly to avoid affording immunity that was not intended), aff'd 10 F.3d 809 (9th Cir.1993); Hayes, 178 Ariz. at 273, 872 P.2d at 677 ("[C]ourts endeavor to avoid overbroad statutory interpretations that afford unintended immunity in derogation of common-law rights of action.").

A.R.S. § 33–1551 was substantially amended by the legislature in 1993. See A.R.S. § 33–1551 (Supp.1993). Because this suit arises from personal injuries suffered in 1988, we must apply the former version of the statute, which provided:

A. An owner, lessee or occupant of premises does not:

1. Owe any duty to a recreational user to keep the premises safe for such use.

2. Extend any assurance to a recreational user through the act of giving permission to enter the premises that the premises are safe for such entry or use.

3. Incur liability for any injury to persons or property caused by any act of a recreational user.

B. As used in this section:

1. "Premises" means agricultural, range, mining or forest lands, and any other similar lands which by agreement are made available to a recreational user, and any building or structure on such lands.

2. "Recreational user" means a person to whom permission has been granted or implied without the payment of an admission fee or other consideration to enter upon premises to hunt, fish, trap, camp, hike, ride, swim or engage in similar recreational pursuits....

A.R.S. § 33–1551 (1990). As relevant to this case, there are three elements to the recreational use statute: (1) the defendant must be an "owner, occupant or lessee" of the premises; (2) the injury must occur on the "premises"; and (3) the person injured must be a "recreational user" of the premises.

The second element is established here; the river is a "premises" within the meaning of the statute. Former section 33–1551 included fishing and swimming as examples of recreational pursuits. See A.R.S. § 33–1551(B)(2) (1990). Bodies of water within public lands are "premises" under the current recreational use statute. See A.R.S. § 33–1551(B)(2) (1993) (amending former section 33–1551 to expressly include "body of water" in its definition of "premises"). Accordingly, we interpret former section 33–1551 as also including bodies of water in its definition of "premises". See State v. Sweet, 143 Ariz. 266, 270, 693 P.2d 921, 925 (1985) ("It is an accepted rule of statutory construction that when determining the intent of the legislature, the court may consider both prior and subsequent statutes in pari materia") (internal cites omitted).

## Whether SRR is an "Occupant"

We next consider whether SRR is an "owner, occupant or lessee" of the Salt River. The "owner" of the Tonto National Forest,

286

including the Salt River, is the United States through its Forest Service. SRR argues that it is an "occupant" of the premises because it holds a permit from the United States Forest Service "for the occupancy of land for the purposes stated." We do not agree that permission to do business on recreational land confers recreational-use-statute immunity on that business. Whether SRR qualifies for statutory immunity requires consideration of the purposes of the statute and of SRR's purposes for being on the land.

Although section 33–1551 does not contain a statement of legislative purpose, we find some guidance in the model act:

> The stated purpose of the model act is "to encourage availability of private lands by limiting the liability of owners to situations in which they are compensated for the use of their property and to those in which injury results from malicious or willful acts of the owner."

*Walker*, 163 Ariz. at 209, 786 P.2d at 1060 (quoting Suggested State Legislation, Vol. XXIV, *Public Recreation on Private Lands: Limitation on Liability*, 150–52 (1965)). The legislative history of Arizona's statute reflects a similar purpose, to "promote the use of vast areas of land not currently being used for recreational purposes." *Recreation Property: Minutes of Hearing on H.B. 2026 Before the House Judiciary Comm.*, 36th Legis., 1st Reg.Sess. 5 (Feb. 14, 1983) (remarks made by Representative Jim Ratliff, sponsor of the bill); *see also Bledsoe v. Goodfarb*, 170 Ariz. 256, 259, n. 2, 823 P.2d 1264, 1267, n. 2 (1991).

SRR arguably does "promote the use of vast areas of land" in the sense that it attracts people to the river by advertising and by providing various goods and services to those willing to pay the prices charged by SRR. But the land being promoted is already "currently being used," and the purpose of this "promotion" is therefore not to open up the land for use, it is to generate business for SRR and to increase its profits. Because SRR is a business whose reason for being on the land is to profit from the public's use of the land, SRR does not qualify for the immunity of the recreational use statute.

*Cf. Smith v. Sno Eagles Snowmobile Club, Inc.*, 823 F.2d 1193, 1195–1198 (7th Cir.1987) (explaining that a volunteer non-profit club with no power to admit or deny entry onto the land was nevertheless an "occupant" of the land within the meaning of the Wisconsin recreational use statute because the club was not on the land for commercial gain, it was there to construct and maintain a recreational trail for use by the public.)

We conclude that SRR's permit to occupy a three-acre site of forest land for the purpose of doing business with recreational users of the Salt River makes SRR a commercial user of the premises, not an "occupant" of the premises within the meaning of the recreational use statute.

Because we conclude that SRR is not an "occupant" of the premises within the meaning of the recreational use statute, we do not reach Stramka's arguments that the statute is unconstitutional, that SRR was a common carrier, and that Stramka was not a "recreational user" because the $6.00 fee paid for tube rental, bus service, parking privileges, or some combination thereof, was a "fee or other consideration" under the statute.

The judgment of the trial court is reversed and the matter is remanded for further proceedings consistent with this opinion.

JACOBSON, P.J., and FIDEL, J., concur.