890 P.2d 1144

**Travis WARD, a single man; Kevin M. Doyle, a single man; Richard Rowe and Linda Rowe, husband and wife; and Sandi Metz, Appellants,**

v.

**The STATE of Arizona, Appellee.**

**No. CV–93–0348–PR.**

Supreme Court of Arizona,
En Banc.

March 7, 1995.

---

Begam, Lewis, Marks, Wolfe & Dasse, P.A. by Robert G. Begam, Cora Perez, Phoenix, for Travis Ward and Kevin Doyle.

Feder Law Offices by Harold Feder, Phoenix, for Richard and Linda Rowe.

Harry P. Friedlander, Phoenix, for Sandi Metz.

Beer & Toone, P.C. by Thomas L. Toone, Michael C. Sheedy, Phoenix, for appellee State of Ariz.

## OPINION

MOELLER, Vice Chief Justice.

### STATEMENT OF THE CASE

This is a personal injury action against the State of Arizona. The issue is whether the

state can claim immunity under Arizona's recreational use statute. *See* Ariz.Rev.Stat. Ann. (A.R.S.) § 33–1551 (1990) (amended 1993). The trial court held that the state could claim immunity and granted summary judgment for the state on that basis. The court of appeals affirmed in a published opinion. *Ward v. State*, 178 Ariz. 164, 871 P.2d 711 (App.1993). We granted plaintiffs' petition for review and have jurisdiction under Ariz. Const. art. 6, § 5(3). For reasons stated below, we hold that, under the circumstances of this case, the state may not claim immunity under the recreational use statute.

## FACTS AND PROCEDURAL HISTORY

This case arises from a boating accident on Apache Lake. Apache Lake lies in the Tonto National Forest, an area owned by the United States and administered by the United States Forest Service. In 1983, the Tonto National Forest Service and the Arizona Game and Fish Commission entered into a Memorandum of Understanding under which the commission agreed to undertake an "aids to navigation" program on the lake. The memorandum, which was still in effect at the time of the accident involved in this case, imposed a contractual obligation on the commission to survey all existing buoys on the lake, to study the future needs for aids to navigation, and to establish and administer a program based on the results of the study. The memorandum also expressly reserved to the United States the right to "exercise authority and control" over the lake.

Plaintiffs allege the facts to be as follows: After dark on the evening of May 29, 1988, they were passengers in a power boat on Apache Lake. The pilot of the boat set course for Apache Lake Marina, which he could see because of its bright lights. Between the boat and the marina, however, lay a rocky peninsula, which the boaters could not see in the darkness. The marina's lights reached the boat through a "saddle" in the peninsula. The boat crashed into the peninsula, seriously injuring plaintiffs.

When plaintiffs sued the state and Apache Lake Marina, the state moved for summary judgment, asserting the recreational use statute as an absolute defense. The trial court granted the motion and entered final judgment in favor of the state. The court of appeals affirmed and held that (1) the state was an "occupant" of the lake within the meaning of the recreational use statute; (2) Apache Lake was a "premises" within the meaning of the statute; and (3) the recreational use statute did not violate the Abrogation Clause of the Arizona Constitution. *See* Ariz. Const. art. 18, § 6. With respect to the ruling on constitutionality, the court of appeals relied, in part, on *Bryant v. Continental Conveyor & Equipment Co.*, 156 Ariz. 193, 751 P.2d 509 (1988). In doing so, the court did not have the benefit of our subsequent case, *Hazine v. Montgomery Elevator Co.*, 176 Ariz. 340, 861 P.2d 625 (1993), which overruled *Bryant*. We granted plaintiffs' petition for review directed at all three issues. However, because our disposition of one issue is dispositive, we do not reach the other two.

## ISSUE

The dispositive issue is whether the state is an "occupant" of Apache Lake within the meaning of the recreational use statute. Concluding that it is not, we do not reach the broader issues of whether the statute is constitutional or whether it applies to all public lands.

## DISCUSSION

■ Arizona's recreational use statute grants immunity from suit, with limited exceptions, to "owners, lessees, or occupants" of certain types of property for injuries sustained on the property by "recreational users," as defined in the statute, who have not paid a fee for such use. A.R.S. § 33–1551. The statute was enacted in 1983 and amended in 1993. *See* Act of Apr. 13, 1993, ch. 90, § 25, 1993 Ariz.Sess.Laws 261; Act of Apr. 8, 1983, ch. 82, 1983 Ariz.Sess.Laws 259. Plaintiffs' injuries were sustained in 1988, when the statute read:

A. An owner, lessee or occupant of premises does not:

1. Owe any duty to a recreational user to keep the premises safe for such use.

2.  Extend any assurance to a recreational user through the act of giving permission to enter the premises that the premises are safe for such entry or use.

3.  Incur liability for any injury to persons or property caused by any act of a recreational user.

A.R.S. § 33–1551(A). The state concedes that it is neither an "owner" nor a "lessee" of Apache Lake. Thus, in order for the state to claim immunity, it must be an "occupant" of Apache Lake. The statute does not define "occupant." Therefore, we must determine whether the legislature intended to include those situated similarly to the state when it granted immunity to "occupants" of land. Because the statute limits common-law liability, we must construe it strictly. *Hayes v. Continental Ins. Co.,* 178 Ariz. 264, 273, 872 P.2d 668, 677 (1994); *Stramka v. Salt River Recreation, Inc.,* 179 Ariz. 283, 285, 877 P.2d 1339, 1341 (App.1994).

The legislative history, although sparse, offers some guidance. The sponsor of the bill said during a committee meeting that the bill "would promote the use of vast areas of land not now being used for recreational purposes." *Meeting on H.B. 2026 Before the House Comm. on the Judiciary,* 36th Legis., 1st Reg. Sess. 5 (1983) (statement of Rep. Jim Ratliff), *cited in Stramka,* 179 Ariz. at 285, 877 P.2d at 1342 *and Walker v. City of Scottsdale,* 163 Ariz. 206, 208, 786 P.2d 1057, 1059 (App.1989).

■ The minutes of that meeting also suggest that the language of the bill was taken from a model act proposed by the Council of State Governments in 1965. *Id.* (statement of Joseph Clifford, Asst. Att'y Gen.). The stated purpose of the model act is "to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." Suggested State Legislation on Public Recreation on Private Lands § 1, *in* 24 Council of State Governments, *Suggested State Legislation* 150, 150 (1965). These statements indicate to us that in granting limited immunity, the legislature intended to encourage landowners and others to open lands to recreational users and to continue to keep the lands open.

■ With this purpose in mind, we turn to the issue at hand—whether the state is an "occupant" of Apache Lake. We conclude that it is not. Because the legislature intended to encourage the opening of land, the grant of immunity should run to those who have the power to admit or deny entry onto land. The state has no such power over Apache Lake. In coming to this conclusion, we adopt the reasoning of a New York court in *Adams v. Rochester Gas & Electric Corp.,* 191 A.D.2d 960, 594 N.Y.S.2d 501 (1993). In *Adams,* the court applied a statute similar to Arizona's recreational use statute. *Id.* 594 N.Y.S.2d at 502. In deciding that the holder of a utility right-of-way was not an occupant of the right-of-way, the court said that

the sole purpose of [New York's recreational use statute] is "to induce property owners, who might otherwise be reluctant to do so for fear of liability, to permit persons to come on their property to pursue specified activities." The agreement with [the owner] conferred no authority upon defendant to exclude others from using the property or to open the right-of-way for recreational use. Therefore, the basic purpose of the statute would not be served by extending the immunity from liability to defendant.

*Id.* (internal citations omitted).

■ Likewise, the agreement between the Forest Service and the State of Arizona conferred no authority upon the state to admit or deny entry to Apache Lake. The state's program was limited to the contractual obligations for the survey, placement, and maintenance of aids to navigation. The Forest Service prohibited any construction on the land without specific permission and expressly retained "authority and control" over Apache Lake. Nowhere does the Forest Service delegate the power to control entry. A grant of immunity to the state under these circumstances would not serve the underlying purpose of the recreational use statute. Thus, we conclude that the state is not an occupant within the meaning of the act.

In deciding otherwise, the court of appeals relied heavily on a federal case, *Smith v. Sno Eagles Snowmobile Club, Inc.*, 823 F.2d 1193 (7th Cir.1987). In *Sno Eagles*, the Seventh Circuit, in applying a similar recreational use statute, held that two snowmobile clubs that had planned, constructed, and maintained a trail on national forest land were occupants of the premises and thus could claim immunity, despite the fact that neither had authority to permit or deny entry. *Id.* at 1198.

We disagree with several premises of the Seventh Circuit's opinion and decline to follow its reasoning. One reason the court gave for its decision was that interpreting "occupant" as one in "actual possession or exclusive control" would make that term indistinguishable from "owner," rendering it meaningless. *Id.* at 1198. We believe there are many persons or organizations who are neither owners nor lessees, yet who could have the power to exclude or admit recreational users. For example, in *Kantner v. Combustion Engineering*, 701 F.Supp. 943, 946 (D.N.H.1988), the court held that a turnkey contractor who had responsibility for access to and maintenance of a project site was an occupant of the site under New Hampshire's recreational use statute. Similarly, in *Midwestern, Inc. v. Northern Kentucky Community Center*, 736 S.W.2d 348, 350 (Ky.Ct.App. 1987), the court extended immunity to an organization that managed a city-owned swimming pool. Neither of these was an owner or lessee, but both had authority to permit or deny entry to the premises.

The Seventh Circuit also said that to exclude the snowmobile clubs from the definition of occupant would defeat the intent of the Wisconsin Legislature to open land for recreational use. *Sno Eagles*, 823 F.2d at 1198. But the clubs had no authority to make the national forest land available in the first place. Only the Forest Service could permit entry. In our view, granting the clubs immunity did not advance the purpose of the statute at all. *See Adams*, 594 N.Y.S.2d at 502.

Finally, in defining occupant, the Seventh Circuit focused on the permanence of the defendants' presence on the land. *Sno Eagles*, 823 F.2d at 1197. While we agree that the permanence of a defendant's presence may help to establish occupancy, it should not be overemphasized. There may well be cases where a temporary presence could fairly invoke immunity under the recreational use statute. *See, e.g., Hall v. Turtle Lake Lions Club*, 146 Wis.2d 486, 431 N.W.2d 696 (Ct.App.) (granting immunity to sponsor of a fair on public fair grounds despite fact that the presence was temporary), *review denied*, 147 Wis.2d 889, 436 N.W.2d 30 (1988). And there are cases, such as this one, where a long-term presence does not constitute occupancy. The relationship of an entity to the premises, not the length and stability of its presence, should primarily determine whether the entity "occupies" the premises under our recreational use statute.

## DISPOSITION

Under the facts of this case, the state is not an occupant of Apache Lake within the meaning of Arizona's recreational use statute. Therefore, it may not invoke the statute as a defense, and the trial court should not have granted its motion for summary judgment. Because we find that the recreational use statute does not apply here, we do not reach the broader issues of whether the statute applies to public lands and whether the statute is constitutional. The opinion of the court of appeals is vacated, the summary judgment is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

FELDMAN, C.J., and CORCORAN, ZLAKET and MARTONE, JJ., concur.