NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ANTHONY ZAPPIA, *Plaintiff/Appellant*,

*v.*

AMANDEEP S. SODHI, et al., *Defendants/Appellees*.

No. 1 CA-CV 18-0743
FILED 3-3-2020

Appeal from the Superior Court in Maricopa County
No. CV2016-053025
The Honorable Bruce R. Cohen, Judge

**AFFIRMED**

COUNSEL

Anthony Zappia, Sun City
*Plaintiff/Appellant*

Jennings, Strouss & Salmon, P.L.C., Phoenix
By Jay A. Fradkin, R. Ryan Womack
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Paul J. McMurdie joined.

---

**P E R K I N S**, Judge:

¶1        Plaintiff Anthony Zappia appeals from a grant of summary judgment in favor of defendant Banner Boswell Rehabilitation Center. For the reasons stated below, we affirm.

### FACTUAL AND PROCEEDURAL HISTORY

¶2        We view the facts in the light most favorable to Zappia. *Stramka v. Salt River Recreation, Inc.*, 179 Ariz. 283, 284 (App. 1994). In September 2014, Zappia had back surgery at Banner Boswell Medical Center. He was transferred to Banner Boswell Rehabilitation Center ("Boswell") for rehabilitative services. A week later, and twelve days after surgery, Zappia complained of "'severe pain' in [the left] lower chest." Dr. Amandeep Sodhi ordered a chest x-ray and believed that Zappia's vital signs were not indicative of a pulmonary embolism. Sodhi's notes suggest that while he then ordered a CT angiogram, the test was still pending at the time.

¶3        The next day, after continued pain, Zappia's niece Joanne Marozzi, a registered nurse, grew increasingly concerned. As a result of her concern, 9-1-1 was called and emergency services transported Zappia to the hospital. A CT angiogram at the hospital revealed that Zappia was, in fact, experiencing a pulmonary embolism. Doctors at the hospital treated Zappia for the embolism and he survived. Zappia now takes blood thinners and continues to experience pain that Marozzi believes is not related to the back surgery.

¶4        Zappia sued Sodhi, Boswell, and others for medical malpractice, alleging that the defendants' failure to conduct a CT angiogram earlier either caused or worsened the embolism. Zappia also alleged that the defendants' conduct constituted abuse of a vulnerable adult. Zappia proffered Marozzi as his expert on the proper standard of care for the nurses at Boswell. Marozzi, who has been a nurse for more than three decades, worked as an intensive care unit ("ICU") floor nurse at

Banner Estrella Medical Center one day a week in the year before the embolism. Marozzi spent the remainder of the week working as a case manager for CIGNA Healthcare and babysitting her grandchildren.

¶5        Boswell filed a motion for summary judgment, arguing that Marozzi was not a qualified expert under A.R.S. § 12-2604. Although the trial court found that Marozzi's work as an ICU floor nurse satisfied A.R.S. § 12-2604(A)(1) (the "same specialty" requirement), it found that Marozzi did not devote a majority of her professional time to her work as an ICU nurse and therefore did not meet the requirements of subsection (A)(2) (the "majority of professional time in the prior year" requirement). The court further denied Zappia's attempt to invoke Arizona Rule of Civil Procedure 56(d) to seek additional time to obtain a substitute expert based on lack of compliance with the rule. Because Zappia did not have a proposed standard of care expert apart from Marozzi, the trial court granted Boswell's motion for summary judgment on Zappia's claims against Boswell.

¶6        Zappia timely appealed.

## DISCUSSION

¶7        We review a trial court's grant of summary judgment *de novo*. *Palmer v. Palmer*, 217 Ariz. 67, 69, ¶ 7 (App. 2007). Summary judgment is proper when no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a).

¶8        A medical malpractice plaintiff must prove (1) "[t]he health care provider failed to exercise that degree of care, skill and learning expected of a reasonable, prudent health care provider in the profession or class to which he belongs within the state acting in the same or similar circumstances" and that (2) "[s]uch failure was the proximate cause of the injury." A.R.S. § 12-563.

¶9        Unless the alleged malpractice is a matter of common knowledge, Arizona requires that the standard of care be established by expert medical testimony. *Rasor v. Nw. Hosp., LLC*, 243 Ariz. 160, 163, ¶ 12 (2017). This also applies when a medical malpractice claim is brought as an abuse of a vulnerable adult claim. *Equihua v. Carondelet Health Network*, 235 Ariz. 504, 509, ¶¶ 19–20 (App. 2014) (citing *Cornerstone Hosp. of Se. Ariz., L.L.C. v. Marner ex rel. Cty. of Pima*, 231 Ariz. 67, 71–72, ¶¶ 7, 14 (App. 2012)). The failure of a plaintiff to provide such expert medical testimony is ordinarily an appropriate ground for summary judgment in favor of a defendant. *Rasor*, 243 Ariz. at 166, ¶ 31 (reversing on other grounds).

## 1. The Trial Court Correctly Denied Zappia's Expert Under A.R.S. § 12-2604(A)(2).

¶10        Zappia first challenges the trial court's determination that Marozzi was not qualified to testify as an expert under A.R.S. § 12-2604(A)(2). Subsection (A)(2) requires that the proposed expert, "[d]uring the year immediately preceding the occurrence giving rise to the lawsuit, devoted a majority of the person's professional time to either or both of . . . the active clinical practice of the same health profession as the defendant" or teaching students in a relevant accredited program.

¶11        We review a trial court's determination of expert qualifications for abuse of discretion. *Baker v. Univ. Physicians Healthcare*, 231 Ariz. 379, 387, ¶ 30 (2013). The evidence presented to the trial court was that, in the year before the incident challenged here, Marozzi worked as a nurse just one day a week. Working in the qualifying profession for only one day per work week does not constitute a majority of Marozzi's professional time. The trial court did not abuse its discretion in rejecting her as a standard of care expert.

## 2. The Trial Court Correctly Denied Zappia's Attempt to Invoke Rule 56(d).

¶12        Second, Zappia contends that the trial court should have granted Rule 56(d) relief, an issue we review for an abuse of discretion. *St. George v. Plimpton*, 241 Ariz. 163, 165, ¶ 11 (App. 2016). Rule 56(d) permits a party to request relief and an expedited hearing when a party opposing summary judgment cannot present evidence to justify its opposition. The rule states that such a request "*must* be accompanied" by a supporting affidavit containing information specified in the rule. Ariz. R. Civ. P. 56(d)(1) (emphasis added). Also, the filer must attach a Rule 7.1(h) good faith consultation certificate to the motion. *Id.* Failure to comply with the Rule 56 provisions is grounds for denial of such relief. *See St. George*, 241 Ariz. at 168, ¶¶ 29–32 (App. 2016).

¶13        Zappia's purported Rule 56(d) request consisted of a single sentence on page 8 of his response to the motion for summary judgment. Merely citing to the rule in a response to a motion for summary judgment, as the trial court correctly observed, "does not come close to complying with the rule." Counsel did not identify any of the information listed in Rule 56(d)(1)(A) and did not file a good faith certificate under Rule 7.1(h). Therefore, the trial court did not abuse its discretion in denying Rule 56(d) relief.

## CONCLUSION

¶14        We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA