NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

LINDA K. HARGRAVE, AS TRUSTEE OF THE LONSOME HAWK
TRUST, U/T/D AUGUST 16, 2006, *Plaintiff/Appellant,*

*v.*

SELECT PORTFOLIO SERVICING, INC., et al., *Defendants/Appellees.*

No. 1 CA-CV 20-0567
FILED 11-2-2021

Appeal from the Superior Court in Maricopa County
No. CV2019-010655
The Honorable Christopher A. Coury, Judge

**AFFIRMED**

COUNSEL

Kelly McCoy PLC, Phoenix
By Matthew J. Kelly, Walid A. Zarifi
*Counsel for Plaintiff/Appellant*

Quarles & Brady LLP, Phoenix
By Coree E. Neumeyer, Daniel G. Roberts
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1        Linda K. Hargrave appeals the superior court's order granting summary judgment to Select Portfolio Servicing, Inc. ("Select"). For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2        When reviewing entry of summary judgment, we view the facts in the light most favorable to Hargrave. *See Stramka v. Salt River Recreation, Inc.*, 179 Ariz. 283, 284 (App. 1994). Around September 2018, Hargrave requested mortgage assistance, seeking relief from her monthly payments. Later, Select took over Hargrave's loan servicing, including her request for mortgage assistance. Hargrave began making partial payments on the loan, purportedly on advice from her previous lender.

¶3        Hargrave contends Select recommended she stop making payments to expand the range of loan assistance options available to her. The record contains no such communication from Select. On the contrary, many of Select's letters to Hargrave instructed her that she remained "obligated to make all future account payments as they come due, even while [Select] is evaluating the account for [mortgage assistance programs]." Hargrave also continued to receive past-due notices from Select while they evaluated her mortgage assistance application.

¶4        Over several months, Select regularly requested, and Hargrave provided, financial information needed to evaluate her application. Select determined Hargrave was ineligible for a loan modification based on the information she provided. Select instead offered Hargrave a payment plan that would allow her to remain in and keep her home. The plan required Hargrave to make regular mortgage payments plus substantial catch-up payments for twelve months to bring her mortgage out of default.

**¶5**        Hargrave did not accept Select's offer of a modified payment plan. One week after offering the plan, Select notified Hargrave that it scheduled a foreclosure sale of the property.

**¶6**        Hargrave filed a complaint in superior court three days before the foreclosure sale, alleging seven causes of action: (1) declaratory relief; (2) violation of A.R.S. § 33-420(A); (3) fraud; (4) consumer fraud; (5) negligent misrepresentation/negligent non-disclosure; (6) defamation of credit; and (7) a compound claim for breach of contract and breach of the covenant of good faith and fair dealing. Select moved to dismiss each claim under Rule 12(b)(6). The court granted Select's motion to dismiss claim one for mootness and claims two and six for failure to state a claim.

**¶7**        Select then filed, and the superior court granted, its motion for summary judgment on the remaining claims, finding no genuine issue of material fact existed to show Select violated the loan agreement. The court described Select's handling of Hargrave's loan assistance request as sometimes "sloppy and uncoordinated" but found "there is no admissible evidence suggesting that [Select] dealt with [Hargrave] with anything other than fairness and in good faith." Hargrave timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶8**        We review a grant of summary judgment based on the record made in superior court, but we determine *de novo* whether the entry of summary judgment was proper. *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 115, ¶ 13 n.3 (App. 2008).

**¶9**        We first note that the only issue before us is Hargrave's claim for breach of the implied covenant of good faith and fair dealing. Arizona Rule of Civil Appellate Procedure 13(a)(7) requires an appellant to provide this court with "references to the record on appeal where the particular issue was raised and ruled on, and the applicable standard of appellate review with citation to supporting legal authority." Hargrave identified the issue on appeal as "[w]hether the trial court erred, as a matter of law, in granting [Select] summary judgment on all of [Hargrave's] remaining claims." Yet Hargrave does not include arguments addressing her other claims. Hargrave thus waived those claims. *See In re Est. of Sibley*, 246 Ariz. 498, 501, ¶ 11 (App. 2018) (failure to develop and support arguments waives the issue on appeal).

**¶10**        Every contract includes an implied covenant of good faith and fair dealing. *Maleki v. Desert Palms Pro. Props., L.L.C.*, 222 Ariz. 327, 333, ¶ 28

(App. 2009). A breach of the implied covenant occurs when a party "do[es] anything to prevent other parties to the contract from receiving the benefits and entitlements of the agreement." *Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Loc. No. 395 Pension Tr. Fund*, 201 Ariz. 474, 490, ¶ 59 (2002). When analyzing whether a party breached the implied covenant, "the relevant inquiry always will focus on the contract itself, to determine what the parties did agree to." *Rawlings v. Apodaca*, 151 Ariz. 149, 154 (1986).

¶11        Whether a party breached the covenant is usually a question of fact for the jury, but summary judgment is proper when no reasonable juror could find a breach occurred based on the evidence presented. *See Keg Rests. Ariz., Inc. v. Jones*, 240 Ariz. 64, 77, ¶ 45 (App. 2016); *see also Wells Fargo Bank*, 201 Ariz. at 20, ¶ 14.

¶12        Hargrave asserts Select breached the covenant "when it made false representations and strung [Hargrave] along for nine months" and offered an unaffordable payment plan. Hargrave does not, however, point to anything in the loan agreement to argue that these actions denied her any benefits of the loan agreement. She argues only that a jury, not the superior court, should have decided the breach question. But Hargrave presented no evidence from which a reasonable juror could find Select violated the terms of the loan agreement or denied Hargrave of any of the loan agreement's benefits. *See, e.g.*, *Ramos v. Wells Fargo Home Mortg.*, No. CV-17-00316-PHX-GMS, 2017 WL 3978701, at *3 (D. Ariz. Sept. 11, 2017) (lender defendant "could not have breached the covenant of good faith and fair dealing during negotiations for a [mortgage loan] modification absent the presence of a contract that included, at the least, an implied right to subsequent modification as a benefit of the contract").

¶13        In fact, the loan agreement did not require Select to offer Hargrave a payment plan that would decrease her monthly payments. Select, and Hargrave's previous lender, promised only to evaluate Hargrave's eligibility for such a program. And Select did just that when it worked with Hargrave to cure her default, reviewed her financial documents, offered her the opportunity to explain her hardship, and presented her a way out of default via a structured repayment plan.

¶14        Hargrave also argues that Select's alleged instruction to cease making payments breached the implied covenant because she changed her position and Select harmed her by presenting a plan that substantially increased her monthly payments. None of these facts, however, created a genuine issue of material fact sufficient to survive summary judgment.

Even assuming her allegation to be true, the superior court found Hargrave did not present admissible evidence that Select's instruction deprived her of any benefit of the loan agreement. The court also found Hargrave presented no evidence that she was financially capable of preventing the home foreclosure, even if she kept making partial payments.

¶15 The superior court did not err by entering summary judgment on Hargrave's claim for breach of the implied covenant of good faith and fair dealing. Both parties request attorneys' fees under A.R.S. § 12-341.01. We award Select reasonable attorneys' fees on appeal upon its compliance with ARCAP 21.

**CONCLUSION**

¶16 We affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA