HUTH, EXRX., APPELLANT, *v.* THE STATE OF OHIO,
DEPT. OF NATURAL RESOURCES, APPELLEE.

(No. 80-35—Decided December 17, 1980.)

*Messrs. Volkema & Scherner* and *Mr. Daniel R. Volkema,* for appellant.

*Mr. William J. Brown,* attorney general, *Mr. Melvin D. Weinstein* and *Mr. Steven L. Gardner,* for appellee.

*Per Curiam.* This cause gives us further opportunity to clarify R. C. 1533.181[2] and 1533.18,[3] and to elaborate upon our discussion in *Moss* v. *Dept. of Natural Resources* (1980), 62 Ohio St. 2d 138. Appellant raises two propositions of law before this court. She asserts that a person who pays a fee to enter park facilities is not a recreational user as defined in R. C. 1533.18(B). Secondly, she asserts that the state is liable when it merchandizes a defective product for valuable consideration and the product causes injury. We agree with appellant's first proposition.

When the Court of Appeals affirmed the Court of Claims, it relied on its decision in *Moss* v. *Dept. of Natural Resources* (February 6, 1979), Nos. 78AP-578 and 78AP-579, unreported, and held that:

"The State, which owns and operates land for recreational use is not liable to a person using the land, despite the fact that the State receives a fee or consideration for the use."

Subsequent to the appellate decision in the instant cause, this court decided *Moss* v. *Dept. of Natural Resources, supra.* While we affirmed the Court of Appeals' judgment, we rejected the reasoning that any time a fee or consideration is paid to the state, the state nonetheless remains immune.

---

[2] R. C. 1533.181 provides:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

[3] R. C. 1533.18 provides:

"As used in sections 1533.18 and 1533.181 of the Revised Code:

"(A) 'Premises' means all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon.

"(B) 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

In paragraph two of the syllabus in *Moss,* we stated:
"A person is not a 'recreational user,' as defined in R. C. 1533.18(B), if he pays a fee or consideration *to enter* upon 'premises' to engage in recreational pursuits." (Emphasis *sic.*)

We shifted the focus of the inquiry to a determination of whether the person paid a fee or consideration to enter upon the premises. In *Moss,* we stated, at page 142, that the appellants therein "***did not pay a fee 'to enter' the parks; rather, the consideration paid went for the purchase of gas, food and for the rental of a canoe."

In the instant cause, we find that the Huths did pay a fee to enter the trailer site. Appellee attempts to equate the instant facts with those in *Moss, supra,* but this was not a situation where the Huths could have brought "the same items to the park that they purchased or rented while there, and still have made use of the park facilities." *Moss,* at page 142. Furthermore, the fee paid to enter and use the trailer site and its facilities was a "charge necessary to utilize the overall benefits of a recreational area***." *Id.*

We conclude that the Huths were not recreational users, because they paid an entrance or admittance fee. Since we decide the cause on this ground, it is unnecessary to decide appellant's second proposition of law. The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and DOWD, JJ., concur.

HOLMES, J., concurring. Although inadvertently not noting my disapproval of a portion of the syllabus law in *Moss,* I was not, and am not, in accord with paragraph two of the syllabus in that case as it would apply to the state of Ohio. However, on the basis of *stare decisis,* I must concur in the judgment herein.