JARRETT, a Minor, Appellant, et al.,

v.

CITY OF SOUTH EUCLID, Appellee.

[Cite as *Jarrett v. South Euclid* (1990), 64 Ohio App.3d 743.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57786.

Decided Jan. 22, 1990.

*Stephen Walker,* for appellants.

*Robert P. DeMarco* and *Victor E. DeMarco,* for appellee.

*Per Curiam.*

Plaintiff James Jarrett, a swimmer, challenges summary judgment for the city of South Euclid (the "city"). The swimmer alleges he nearly drowned in a city pool. The city claimed that R.C. 1533.181, the recreational user statute, immunized it from liability. We disagree.

R.C. 1533.181 immunizes an owner of premises held open to the general public for gratuitous recreational use. *LiCause v. Canton* (1989), 42 Ohio St.3d 109, 537 N.E.2d 1298; *Fryberger v. Lake Cable Recreation Assn., Inc.* (1988), 40 Ohio St.3d 349, 533 N.E.2d 738; *Sorrell v. Ohio Dept. of Natural Resources* (1988), 40 Ohio St.3d 141, 532 N.E.2d 722; *Johnson v. New London* (1988), 36 Ohio St.3d 60, 521 N.E.2d 793. The city concedes that the swimmer paid a fee to enter the pool but relies on the phrase "other than a fee or consideration paid to the state * * * " in the definitional statute, R.C. 1533.- 18(B). The city's reliance on this language is misplaced because that phrase makes reference to "license fees or other privileges secured from the state" and is therefore inapplicable to an entrance fee. *Moss v. Dept. of Natural Resources* (1980), 62 Ohio St.2d 138, 141, 16 O.O.3d 161, 162–163, 404 N.E.2d 742, 744. See, also, *Huth v. State* (1980), 64 Ohio St.2d 143, 18 O.O.3d 370, 413 N.E.2d 1201.

The swimmer also established that the city pool is not open for use by the general public but is restricted to South Euclid and Lyndhurst residents and their non-resident guests. The statute does not immunize an owner where the premises in question are not held open to members of the public for gratuitous use. *Loyer v. Buchholz* (1988), 38 Ohio St.3d 65, 526 N.E.2d 300.

The swimmer's sole assignment of error is well taken.

The judgment is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

ANN MCMANAMON, C.J., KRUPANSKY and JOHN F. CORRIGAN, JJ., concur.