**REED, Appellant, et al.,**

v.

**CITY OF MIAMISBURG, Appellee.***

[Cite as *Reed v. Miamisburg* (1993), 96 Ohio App.3d 268.]

Court of Appeals of Ohio,
Montgomery County.

No. 13446.

Decided July 29, 1993.

---

* Reporter's Note: A discretionary appeal to the Supreme Court of Ohio was dismissed as having been improvidently allowed in (1994), 68 Ohio St.3d 1435, 625 N.E.2d 624.

*E.S. Gallon & Associates* and *David P. Hecht,* for appellant.

*Jenks, Surdyk & Cowdrey Co., L.P.A.,* and *Robert F. Cowdrey,* for appellee.

RINGLAND, Judge.

Appellant Rick Reed challenges the summary judgment granted by the court below which was based upon the trial court's application of the recreational user statute. Appellant's sole assignment of error is as follows:

"The trial court erred in granting summary judgment to the defendant city of Miamisburg because the money paid to rent the shelter prohibits the park from being granted immunity."

Appellant initiated the instant action after injuring his left ankle by stepping into an unfilled hole at Mound Park in Miamisburg on June 14, 1989. The hole which caused appellant's injuries was left behind after an employee of the city of Miamisburg removed a telephone pole from this location. Appellant had been enjoying a family reunion at Mound Park at the time that this incident occurred. His family had rented and paid for a shelter house at the park in order to ensure the availability and use of the shelter. Appellant opines that under this set of facts, the recreational user statute relied on by the court below is inapplicable to the instant situation.

■ This court notes at the outset that recreational user immunity under R.C.1533.181 is available to the state, municipalities and political subdivisions as well as private property owners. *Johnson v. New London* (1988), 36 Ohio St.3d 60, 521 N.E.2d 793; *LiCause v. Canton* (1989), 42 Ohio St.3d 109, 537 N.E.2d 1298. In order to determine whether appellee here is immune from suit, we must focus on the character of the property upon which the injury occurred and the types of activities for which the property was held open to the public. *Miller v. Dayton* (1989), 42 Ohio St.3d 113, 537 N.E.2d 1294. The focus here should be upon the essential character of the premises, not the specific activity in which the plaintiff was engaged at the time that the accident occurred. *Id.* at 115, 537 N.E.2d at 1296.

■ A person is not a recreational user pursuant to R.C. 1533.18 if he pays a fee or consideration to enter the premises in order to engage in a recreational pursuit. *Moss v. Dept. of Natural Resources* (1980), 62 Ohio St.2d 138, 16 O.O.3d 161, 404 N.E.2d 742. "Consideration" for the purpose of this provision has been defined as "a charge necessary to utilize the overall benefits of a recreational area." *Id.* at 142, 16 O.O.3d at 164, 404 N.E.2d at 745. A fee does not necessarily have to be paid by the injured party himself to take a case outside the recreational user statute so long as someone in the plaintiff's party has paid a fee to utilize the overall benefits. See *Leach v. Ironton* (Apr. 5, 1990), Lawrence App. No. 1918, unreported, 1990 WL 138480. Where a park is held open to the public, without fee, for recreational purposes, the recreational user statute will provide immunity. *Miller, supra.*

■ There seems to be no question here as to whether the premises in controversy, Mound Park, is held open for recreational purposes. The issue here is whether a fee was paid to utilize the overall benefits of Mound Park. In accordance with *Leach, supra*, it does not necessarily matter that appellant himself did not pay the fee personally.

The evidence in this case indicates that appellant was not required to pay a fee in order to utilize the *overall* benefits of Mound Park. Mound Park offered more than a shelter house—it offered an Indian burial site, swings and other playground equipment, as well as other "green space" the appellant could have used without providing any consideration. We must therefore conclude that the trial court appropriately applied the recreational user statute below, and that the appellee owed no duty to appellant as a matter of law. The appellant's assignment of error is hereby overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

GRADY, P.J., and FAIN, J., concur.

ROBERT P. RINGLAND, J., of the Clermont County Court of Common Pleas, sitting by assignment.