871 P.2d 711

Travis **WARD**, a single man; **Kevin M. Doyle**, a single man; and **Richard Rowe** and **Linda Rowe**, husband and wife, Appellants,

v.

**STATE** of Arizona, Appellee.

No. 1 CA–CV 91–0494.

Court of Appeals of Arizona, Division 1, Department A.

Aug. 19, 1993.

Review Granted May 3, 1994.

Langerman, Begam, Lewis & Marks, P.A. by Robert G. Begam, Cora Perez, Phoenix, for appellants Doyle and Ward.

Feder Law Offices by Harold Feder, Phoenix, for appellants Rowe.

Harry P. Friedlander, Scottsdale, for appellant Metz.

Beer, Toone & Ryan, P.C. by Thomas L. Toone, Michael C. Sheedy, Phoenix, for appellee State of Arizona.

## OPINION

VOSS, Judge.

### INTRODUCTION

The appellants were injured in a boating accident on Apache Lake in the Tonto National Forest. They sued the state alleging it was negligent in failing to mark a peninsula of land with which they collided. The superior court granted the state summary judgment, ruling it immune under the recreational use statute, Ariz.Rev.Stat.Ann. ("A.R.S.") § 33–1551. We affirm this ruling and hold that the recreational use statute as it applies to the State of Arizona does not violate the "abrogation clause" of art. 18, § 6 of the Arizona Constitution.

### FACTS AND PROCEDURAL HISTORY

Apache Lake lies in the Tonto National Forest, an area administered by the Department of Agriculture, United States Forest Service. In 1973 the Tonto National Forest Service and the Arizona Game and Fish Commission ("Commission") entered into a Memorandum of Understanding under which the Commission agreed to undertake an "aids to navigation" program on the lake. Under the terms of the memorandum, the state was required to implement aids to navigation such as buoys or other fixed objects.

After dark on the evening of May 29, 1988, the appellants were passengers in a power boat on Apache Lake. The pilot of the boat set course for Apache Lake Marina, which they could see because of its bright lights. Between the boat and the marina lay "Jack's Point," a rocky peninsula. The marina's lights reached the boat through a "saddle" in Jack's Point and the boaters could not see the peninsula. The boat crashed into the peninsula, seriously injuring the appellants.

The appellants sued the state and Apache Lake Marina, alleging negligence. The state filed a motion for summary judgment asserting, as an absolute defense, the recreational use statute. The superior court granted the motion and entered a final judgment. The appellants timely appealed.

## DISCUSSION

On appeal, the appellants raise the following issues:

(1) whether the recreational use statute applies;

(2) whether the state is an "occupant" for purposes of the recreational use statute; and

(3) whether the recreational use statute violates the Arizona Constitution by abrogating a common law cause of action.

### 1. APPLICATION OF THE RECREATIONAL USE STATUTE

In 1983 the legislature enacted the recreational use statute:

§ 33–1551. Duty of owner, lessee or occupant of premises to recreational users; liability; definitions

A. An owner, lessee or occupant of premises does not:

1. Owe any duty to a recreational user to keep the premises safe for such use.

2. Extend any assurance to a recreational user through the act of giving permission to enter the premises that the premises are safe for such entry or use.

3. Incur liability for any injury to persons or property caused by any act of a recreational user.

B. As used in this section:

1. "Premises" means agricultural, range, mining or forest lands, and any other similar lands which by agreement are made available to a recreational user, and any building or structure on such lands.

2. "Recreational user" means a person to whom permission has been granted or implied without the payment of an admission fee or other consideration to enter upon premises to hunt, fish, trap, camp, hike, ride, swim or engage in similar recreational pursuits. The purchase of a state hunting, trapping or fishing license is not the payment of an admission fee or other consideration as provided in this section.

C. This section does not limit the liability which otherwise exists for maintaining an attractive nuisance, or for wilful or mali-

cious failure to guard or warn against a dangerous condition, use or activity. A.R.S. § 33–1551.

### A. Apache Lake as a "Premises"

The appellants make several arguments why the recreational use statute does not apply to Apache Lake in Tonto National Forest. They first contend that the statute simply does not apply to public lands. They contend that the legislative purpose behind the statute was primarily to encourage private landowners to permit recreational user access to property which would otherwise not be available to them. They note that the legislature was concerned with promoting the use of "vast areas of land not now being used for recreational purposes." *Walker v. City of Scottsdale,* 163 Ariz. 206, 208, 786 P.2d 1057, 1059 (App.1989).

The appellants also contend that the statute came from the model act, whose purpose is "to encourage availability of private lands by limiting the liability of owners to situations in which they are compensated for the use of their property and to those in which injury results from malicious or willful acts of the owner." Public Recreation on Private Lands: Limitations on Liability, Suggested State Legislation, Vol. XXIV, p. 150 (1965).

■ While the purpose behind both Arizona's recreational use statute and the model act may be to encourage recreational use on private lands, that alone does not answer the question. We must look at the language of the statute. *Arizona State Bd. of Accountancy v. Keebler,* 115 Ariz. 239, 240, 564 P.2d 928, 929 (App.1977). Nothing in the recreational use statute limits it to private lands. In fact, there is an indication that it applies to public as well as private lands. The act states that "[t]he purchase of a state hunting, trapping or fishing license is not the payment of an admission fee or other consideration as provided in this section." A.R.S. § 33–1551(B)(2). If the statute were intended to apply only to private lands, this language would be superfluous and we must avoid statutory constructions that make parts of a statute superfluous. *Weitekamp v. Fireman's Fund Ins. Co.,* 147 Ariz. 274, 275, 709 P.2d 908, 909 (App.1985). Finally, applying the statute to public lands does not detract from the stated purpose of opening up private lands; rather, the statement seems simply to paint with a broader brush.

■ Moreover, the argument that since Tonto National Forest was already open to the public, the recreational use statute does not apply to it is rejected. A hypothetical involving two neighboring farmers illustrates how this would lead to absurd results. Farmer A always allowed the public to use her land for hunting. Farmer B, fearing liability, prevented such use on his land. The passage of the recreational use statute allayed Farmer B's worries and he now allows hunting on his property. But under the appellants' logic, Farmer A is not protected by the statute because her land was already open to public use. We cannot adopt statutory interpretations that are absurd. *City of Phoenix v. Superior Court,* 144 Ariz. 172, 177, 696 P.2d 724, 729 (App.1985).

The appellants cite cases from other jurisdictions that have held their recreational use statutes inapplicable to government defendants. In *Hovet v. City of Bagley,* 325 N.W.2d 813, 815–16 (Minn.1982), the court relied on the title of the act and its codified statement of purpose to reach its conclusion that the recreational use statute was intended to apply to private lands rather than the city. The act encompassing the recreational use statute was entitled, "An act relating to public recreational use of privately owned land...." *Id.* at 815. The statute's purpose was to "Promote the use of privately owned lands...." *Id.*

The court in *Borgen v. Fort Pitt Museum Associates, Inc.,* 83 Pa.Cmwlth. 207, 477 A.2d 36, 39 (1984), held that commonwealth lands are always acquired, and usually held, for public use and the legislature did not intend that the recreational use statute encourage public use of lands already put to that use.

We find these cases unpersuasive. Application of the statute to public lands does not contravene the statute's purpose to open private lands. Rather, it promotes a more uniform application. In addition, as we will discuss in this opinion, we do not believe that, just because the state is protected by

one immunity, the legislature intended it not to be protected by another. Finally, none of the cases addresses the aspect of the Arizona statute that provides that the "purchase of a state hunting, trapping or fishing license is not the payment of an admission fee or other consideration as provided in this section." A.R.S. § 33–1551(B)(2).

■ The appellants further argue that the recreational use statute cannot apply to Apache Lake, or any other body of water, because a lake is not included in the definition of "premises" as provided in A.R.S. § 33–1551:

> agricultural, range, mining or forest lands, and any other similar lands which by agreement are made available to a recreational user, and any building or structure on such lands.

We agree with the trial court which rejected this argument, noting that "the definition of recreational user includes uses such as fishing, swimming or similar recreational pursuits which clearly contemplate that bodies of water, such as a lake within the premises, are included as premises."

We hold that A.R.S. § 33–1551 was meant to apply to public, as well as private lands. Furthermore, it applies to bodies of water located on the "premises" in question.

### B. Other Immunities

■ The appellants next argue that other immunities granted the state show a legislative intent to preclude it from being protected by the recreational use statute. They argue that by adopting A.R.S. §§ 12–820 *et seq.*, "the legislature granted immunity to the State for certain acts of negligence; accordingly, there was no reason to include the State within the immunity granted by A.R.S. § 33–1551." Surely the appellants cannot mean that the state does not need the absolute immunity provided by the recreational use statute because it could assert absolute immunity under A.R.S. § 12–820.01. The mere fact that the state is entitled to immunity in some situations (*e.g.*, under A.R.S. § 12–820.01) does not preclude the legislature from including it in immunity granted in other situations (*e.g.*, under the recreational

use statute). The legislature clearly addressed different situations in the two statutes. Under A.R.S. § 12–820.01, the legislature protected the state from liability for "acts and omissions of its employees constituting: 1) the exercise of a judicial or legislative function; or 2) the exercise of an administrative function involving the determination of fundamental governmental policy." Under the recreational use statute, the legislature has protected the state from liability to recreational users on its premises.

### 2. IS THE STATE AN OCCUPANT?

The appellants next argue that, if the recreational use statute applies to public lands and lakes, the state does not fall under the recreational use statute's protection because the state is not "[a]n owner, lessee or occupant of premises...." The state concedes it neither owned nor leased Apache Lake or Tonto National Forest. It argues that its "aids to navigation" program makes it an "occupant" and cites *Smith v. Sno Eagles Snowmobile Club, Inc.*, 823 F.2d 1193 (7th Cir.1987) in support of that argument. We find that case persuasive and adopt its reasoning here.

The plaintiff in *Sno Eagles* was hurt when the snowmobile she was riding collided with an automobile on National Forest Service land at a point where a snowmobile trail crossed a private driveway. *Id.* at 1193–94. Two volunteer non-profit snowmobile clubs actively maintained the trail. *Id.* at 1194. The Sno Eagles Snowmobile Club, Inc., planned and constructed it and Headwaters Trails, Inc., groomed it. *Id.* Sno Eagles had partially marked it with signs. *Id.* The accident site was unmarked because Sno Eagles had run out of signs. *Id.*

Similar to the Arizona recreational use statute, the Wisconsin recreational use statute, Wis.Stat. § 29.68, applies to "[a]n owner, lessee or occupant...." *Id.* The court stated the term "occupant" connotes some "degree of permanence in the occupancy, not merely one who is using the property...." *Id.* at 1197 (*quoting Labree v. Millville Mfg., Inc.*, 195 N.J.Super. 575, 481 A.2d 286, 291 (N.J.App.1984)). It held that the snowmobile clubs' ongoing trail maintenance programs

gave the requisite degree of permanence. *Id.* at 1197. The court noted that generally accepted definitions of occupant applied to the case:

> [T]he trial judge examined two accepted and well recognized sources in finding that "occupy and occupant include persons who, while not owners or tenants, have the actual use of land." The court further stated that:
>
>> While "occupant" includes definitions of owner and lessee, it also means one who has the actual use of property without legal title, dominion or tenancy. In order to give meaning to "occupant" the term should be interpreted to encompass a resident of land who is more transient than either a lessee or an owner.... Sno Eagles and Headwaters occupy the land to the extent of constructing and grooming snowmobile trails.
>
> We agree.... If we were to circumscribe and interpret "occupant" as one in actual possession or exclusive control the term would be indistinguishable from owner.

*Id.* at 1197–98.

■ The reasoning of *Sno Eagles* is appropriate here. Like the defendants in that case, the State of Arizona occupies Apache Lake, under its aids to navigation program, with "a degree of permanence." The aids to navigation program is very similar to the defendants' programs in *Sno Eagles.* We hold that the state is an "occupant" of Apache Lake for recreational use statute purposes.

## 3. CONSTITUTIONALITY OF THE RECREATIONAL USE STATUTE

■ Finally, the appellants argue that the recreational use statute violates the "abrogation clause" of the Arizona Constitution:

> The *right of action to recover damages for injuries shall never be abrogated,* and the amount recovered shall not be subject to any statutory limitation.

Ariz. Const., art. 18, § 6. Under this provision the legislature may regulate a right of action but may not destroy it. *Boswell v. Phoenix Newspapers, Inc.,* 152 Ariz. 9, 18, 730 P.2d 186, 195 (1986), *cert. denied,* 481 U.S. 1029, 107 S.Ct. 1954, 95 L.Ed.2d 527 (1987). To differentiate between valid regulation and invalid abrogation, the courts "determin[e] whether a purported legislative regulation leaves those claiming injury a reasonable possibility of obtaining legal redress." *Id.* "[The legislature] may not, under the guise of 'regulation,' so affect the fundamental right to sue for damages as to effectively deprive the claimant of the ability to bring the action." *Id.* (*quoting Barrio v. San Manuel Div. Hospital, Magma Copper Co.,* 143 Ariz. 101, 106, 692 P.2d 280, 285 (1984)).

■ The abrogation clause of art. 18, § 6 protects all actions recognized at common law when the state constitution was adopted in 1912. *Bryant v. Continental Conveyor Equip. Co.,* 156 Ariz. 193, 195, 751 P.2d 509, 511 (1988). However, the protection does not extend to causes of action not recognized at common law. *Id.*

Appellants argue that the recreational use statute abrogates a cause of action for negligence against a landowner, except where the landowner received some considerations from the invitee. They contend that they were invitees and at common law, the landowner was under an affirmative duty to "use reasonable care to make the premises safe for use by invitees." We disagree.

■ The recreational use statute does not abrogate a cause of action against the state because it could not have been liable under the common law in 1912. "It is well settled by the great weight of authority that the state, in consequence of its sovereignty, is immune from prosecution in the courts and from liability to respond in damages for negligence, except in cases where it has expressly waived immunity or assumed liability by Constitutional or legislative enactment." *State v. Sharp,* 21 Ariz. 424, 426, 189 P. 631 (1920). Appellants, however, contend that sovereign immunity was not recognized in Arizona until 1920 when the Supreme Court decided *Sharp.* They further contend that paragraph 1971 of the Civil Code of 1913 established a law that the state could be sued for negligence:

All persons who have, or who shall hereafter have claims on contract or for negligence against the state, which have been disallowed, are hereby authorized, on the terms and conditions herein contained, to bring suit thereon against the state in any of the courts of this state of competent jurisdiction, and prosecute the same to final judgment. The rules and practice in civil cases shall apply to such suits except as herein otherwise provided.

Civil Code of 1913, ¶ 1971. This identical question was addressed in *Sharp. Id.* at 426–28, 189 P at 631. There the court held that based on cases construing paragraph 1971, it did not enlarge the liability of the state. *Id.* at 428, 189 P. at 632. The court stated:

> [N]o cause of action was created that did not theretofore exist; that the effect of the act was merely to give a remedy to enforce a liability, the state submitting itself to the jurisdiction of the court subject to its right to impose any lawful defense. Immunity from action is one thing; immunity from liability is another; hence the state does not waive its immunity from liability for the negligence of its agents, servants or employees by a statute conferring jurisdiction only upon the court.

*Id.*

Appellants further argue that *Sharp* recognized that sovereign immunity is not "immunity from an action," rather it is "immunity from liability" and therefore, under *Sharp*, a plaintiff can still sue the state and at that time the state may raise sovereign immunity as a defense. In essence, the recreational use statute abrogates a plaintiff's right to bring the action in the first place against the state. We find the argument to be without merit. The state could claim immunity at common law and it has a right to do so now. The cause of action of negligence against the state has not been abrogated.

Appellants finally argue that assuming the recreational use statute is constitutional as to the state, it is unconstitutional as to a private landowner, and therefore the statute is facially invalid. The issue of whether a private landowner can be sued under the recreational use statute is not before us today and we will not address it. Today, we hold the recreational use statute, A.R.S. § 33–1551, does not violate art. 18, § 6 of the Arizona Constitution as it applies to the state.

For the foregoing reasons the judgment is affirmed.

CONTRERAS, P.J., and GARBARINO, J., concur.