912 P.2d 47

**Rick D. PRINCE, Plaintiff/Appellant,**

v.

**CITY OF APACHE JUNCTION,
Defendant/Appellee.**

No. 2 CA–CV 95–0170.

Court of Appeals of Arizona,
Division 2, Department A.

Feb. 15, 1996.

Eugene A. Burdick, Mesa, for Plaintiff/Appellant.

Lewis and Roca, LLP by Craig Phillips and Janell Adams–Vogl, Phoenix, for Defendant/Appellee.

## OPINION

PELANDER, Judge.

This is a personal injury action against the City of Apache Junction. The issues are whether the city can claim immunity under Arizona's recreational use statute, A.R.S. § 33–1551 (1993), and, if so, whether that statute violates article 18, § 6 of the Arizona Constitution.[1] The trial court ruled that the statute was applicable and constitutional, and therefore granted the city's motion to dismiss filed under Ariz.R.Civ.P. 12(b)(6), 16 A.R.S. For the reasons stated below, we reverse and remand.

## PROCEDURAL BACKGROUND

Plaintiff's complaint alleged that on November 16, 1993, he was a public invitee on a softball field at Prospector City Park (the park), playing league softball as a member of a trucking company softball team. The park was owned and operated by the city. Plaintiff further alleged that he was seriously injured when he struck his head on a portion of the backstop which projected out from the third base line fence, and that that was an unreasonably dangerous condition which the city negligently failed to remedy or protect him from.

The city moved for dismissal under Rule 12(b)(6), contending that "[p]laintiff can prove no set of facts that would entitle him to relief, because A.R.S. § 33–1551 grants the City civil immunity under these circumstances." That statute, as amended in 1993

and applicable to this case, provides in pertinent part as follows:

A. A public or private owner, easement holder, lessee or occupant of a premises is not liable to a recreational or educational user except upon a showing that the owner, easement holder, lessee or occupant was guilty of wilful, malicious or grossly negligent conduct which was a direct cause of the injury to the recreational or educational user.[2]

B. As used in this section:

\* \* \* \* \* \*

2. "Premises" means agricultural, range, open space, park, flood control, mining, forest or railroad lands, and any other similar lands, wherever located, which are available to a recreational or educational user, including, but not limited to, paved or unpaved multi-use trails and special purpose roads or trails not open to automotive use by the public and any building[,] improvement, fixture, water conveyance system, body of water, channel, canal or lateral, road, trail or structure on such lands.

3. "Recreational User" means a person to whom permission has been granted or implied without the payment of an admission fee or other consideration to travel across or to enter upon premises to hunt, fish, trap, camp, hike, ride, exercise, swim or engage in similar pursuits. The purchase of a state hunting, trapping or fishing license is not the payment of an admission fee or other consideration as provided in this section.

In granting the city's motion, the trial court determined that "the softball field, which was the only property in issue, was in fact the premises," and that "plaintiff was a recreational user" under § 33–1551. In later denying plaintiff's motion for reconsideration, the trial court indicated that it "did consider the Constitutionality of the statute and declined to rule it unconstitutional."[3] This appeal followed.

1. Article 18, § 6 of Arizona's Constitution provides that "[t]he right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitation."

2. Plaintiff did not allege that the city's acts or omissions were wilful, malicious or grossly negligent.

3. In *Ward v. State*, 178 Ariz. 164, 170, 871 P.2d 711, 717 (App.1993), Division One of this court held that "the recreational use statute, A.R.S.

## STANDARD OF REVIEW

Although the city and the trial court characterized the city's motion as one to dismiss for failure to state a claim, the parties submitted affidavits and other evidence to support their positions before the court ruled. The court did not strike that evidence and gave plaintiff more time to conduct discovery and to file opposing affidavits. It is unclear from the record whether or to what extent the trial court actually relied upon the extrinsic evidence when it dismissed plaintiff's claim. The court's ruling as to the statute's applicability, however, involved mixed questions of fact and law. In view of that and the unstricken, extrinsic evidence submitted by the parties, we must construe the court's ruling as an entry of summary judgment for the city under Rule 56. *See Frey v. Stoneman,* 150 Ariz. 106, 109, 722 P.2d 274, 277 (1986); Rule 12(b)(6) (When matters outside the pleadings are submitted and the trial court does not exclude such matters, a motion for dismissal "shall be treated as one for summary judgment ... and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.").

Accordingly, we must determine *de novo* whether there are any genuine issues of material fact and whether the trial court erred in applying the law. *United Bank v. Allyn,* 167 Ariz. 191, 805 P.2d 1012 (App. 1990). We view the evidence in the light most favorable to the party against whom summary judgment was entered, and all favorable inferences fairly arising from the evidence must be given to that party. *Angus Medical Co. v. Digital Equip. Corp.,* 173 Ariz. 159, 840 P.2d 1024 (App.1992). We also review *de novo* statutory interpretation issues and constitutional claims because they involve questions of law. *Walker v. City of Scottsdale,* 163 Ariz. 206, 208, 786 P.2d 1057, 1059 (App.1989).

## DISCUSSION

Plaintiff contends that § 33–1551 violates article 18, § 6 of the Arizona Constitution and, even if it were constitutional, does not apply because the softball field was not "premises" and he was not a "recreational user" as defined in the statute. Because we agree with the latter contention, we conclude the city cannot claim immunity under the statute.

Section 33–1551(B)(3), as pertinent to this case, provides that a "recreational user" is "a person to whom permission has been granted or implied *without the payment of an admission fee or other consideration* to travel across or to enter upon premises to ... exercise ... or engage in similar pursuits." (Emphasis supplied.) "Because the statute limits common-law liability, we must construe it strictly." *Ward,* 181 Ariz. at 362, 890 P.2d at 1147. For that same reason, "the 'charge' ('admission price or fee') exception 'must be given the broadest reading that is within the fair intendment of the language used.'" *Johnson v. Rapid City Softball Ass'n,* 514 N.W.2d 693, 696 (S.D.1994), *quoting Robbins v. Great Northern Paper Co.,* 557 A.2d 614, 617–18 (Me.1989) (Glassman, J. dissenting) (*quoting Copeland v. Larson,* 46 Wis.2d 337, 174 N.W.2d 745, 749 (1970)). *See also Ducey v. United States,* 713 F.2d 504, 510 (9th Cir.1983).

Contrary to the city's contention, in order to avoid recreational user status, the "admission fee or other consideration" need not be paid *solely* "to travel across or to enter upon premises." § 33–1551(B)(3). The latter phrase is immediately followed by the uninterrupted list of recreational activities, which modifies the phrase and must be considered in determining its meaning. Thus, if an admission fee or other consideration was paid, at least in part, to enter upon premises to engage in any of the defined recreational activities, that is sufficient to exclude one from recreational user status.

§ 33–1551, does not violate art. 18, § 6 of the Arizona Constitution as it applies to the state." Shortly after the trial court granted the city's motion but before it entered any formal order or judgment dismissing plaintiff's complaint in this case, our supreme court vacated the court of

appeals' opinion in *Ward,* finding that § 33–1551 did not apply to the facts of that case and therefore not reaching "the broader issues of whether the statute applies to public lands and whether the statute is constitutional." *Ward v. State,* 181 Ariz. 359, 363, 890 P.2d 1144, 1148 (1995).

For the purposes of § 33–1551(B)(3) and consistent with the city's position, we assume, without deciding, that the park's softball field constituted "premises," and softball is a recreational activity involving a form of "exercise" or "similar pursuit." *See Scrapchansky v. Town of Plainfield,* 226 Conn. 446, 627 A.2d 1329 (1993); *Miller v. City of Dayton,* 42 Ohio St.3d 113, 537 N.E.2d 1294 (1989).

Plaintiff was injured on a softball field during the course of an official, city-sponsored league softball game. The participation of plaintiff's team and its members, including plaintiff, on the accident date depended on the team's required payment of a $250 entry fee to the city. Parsons' Trucking, the sponsor of plaintiff's team, made that payment with the "understanding that this entry fee was a requirement of entering a team into the league and to use the league facilities."

During league play, the softball fields were reserved for such play. Thus, payment of the entry fee entitled plaintiff's team to reserved, "priority use" of the softball field at the time of plaintiff's accident. *Johnson,* 514 N.W.2d at 696. Part of the entry fee paid by league softball teams was for "field preparation," which included "[m]aintenance personnel dragging the field and chalking the lines and stripes" and installing bases. A portion of the entry fee also was "allocated towards the light use fee for the softball fields at night use." But for the payment of the entry fee, plaintiff could not have used the softball field at the time his accident occurred.[4]

We agree with plaintiff's contention that it is irrelevant that "at other times, a fee need not be paid to enter upon the premises to play softball," or that the city may have been immunized under § 33–1551 had plaintiff been injured at a different place or time in the park. At the time of his accident plaintiff had permission "to enter" the softball field and to participate in the league game on that field. That permission, however, was at least implicitly conditioned on the team's payment of the required entry fee to the city.

We cannot accept the city's contention that the entry fee in no way constituted consideration for plaintiff's use of the field at the time of the accident. Rather, under the facts presented here, the permission granted to plaintiff "to enter upon" the softball field to "exercise ... or engage in similar pursuits" was *not* "without the payment of an admission fee or other consideration," § 33–1551(B)(3), and the trial court's implicit "conclusion of 'no charge' was in error."[5] *Johnson,* 514 N.W.2d at 697 (holding that trial court had erred in determining that " 'no charge was made for entry onto the softball grounds' " as one basis for granting city summary judgment, and noting that although "other persons or organizations were allowed to use the softball fields, the [softball] Association had 'priority use of the facilities during the lease period.' "). *See also Boyd v. United States,* 881 F.2d 895 (10th Cir.1989); *Ducey,* 713 F.2d 504; *Graves v. United States Coast Guard,* 692 F.2d 71 (9th Cir.1982); *Thompson v. United States,* 592 F.2d 1104 (9th Cir.1979).

We express no view on the merits or ultimate resolution of plaintiff's claim and in no way limit further litigation of the negligence issues. Rather, we only hold that under the particular facts of this case, plaintiff was not a "recreational user" at the time of his accident, and therefore the city is not immune from liability under the recreational use statute. In view of this disposition, we do not address plaintiff's contentions that the statutory definition of "premises" in § 33–

4. The city's "Softball Rules & Regulations" do not alter that conclusion. Those rules simply provided that the entry fees "are based on several factors, including the number of games a team will play, day or night games, umpire costs, softballs, scorebooks, lighting, field preparation, bases, staff costs, league awards, etc ..." and "help to offset the expenses of running a league."

5. The statute does not specifically require that the "admission fee or other consideration" be paid by the individual claimant rather than by a team to engage in a sporting event at a particular site in the park. *See* Joseph A. Page, *The Law Of Premises Liability* § 5.17 at 119 (2nd ed. 1988). The city does not contend otherwise. *Cf. Reed v. City of Miamisburg,* 96 Ohio App.3d 268, 270, 644 N.E.2d 1094, 1095 (1993) ("A fee does not necessarily have to be paid by the injured party himself to take a case outside the recreational user statute so long as someone in the plaintiff's party has paid a fee to utilize the overall benefits.").

1551(B)(2) does not cover softball fields[6] or that the statute abrogates a common law cause of action in violation of Arizona's Constitution. The trial court's judgment is reversed and the case is remanded for further proceedings consistent with this decision.

LIVERMORE, P.J., and FERNANDEZ, J., concur.

**6.** *But see Scrapchansky,* 226 Conn. at 457–58, 627 A.2d at 1334–35; *Miller,* 42 Ohio St.3d at 115, 537 N.E.2d at 1297.