[Cite as *Dodge v. Ohio Dept. of Natural Resources*, 2016-Ohio-7206.]

| | |
|---|---|
| RONALD E. DODGE, SR. | Case No. 2015-00894-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| OHIO DEPARTMENT OF NATURAL RESOURCES | MEMORANDUM DECISION |
| Defendant | |

{¶1} On October 19, 2015, Ronald E. Dodge Sr. (hereinafter "plaintiff") filed a claim in this Court against the Ohio Department of Natural Resources (hereinafter "ODNR"), alleging that his Chevrolet Venture was damaged when it struck a pothole while he was traveling on Road 1 in Hocking Hills State Park on September 5, 2015. The amount to repair the claimant's vehicle was $700.00 plus $107.00 for towing for a total of $807.00 in damages.

{¶2} In an investigation report filed with the Court on December 21, 2015, ODNR stated, among other defenses, that Mr. Dodge's claim is barred by the operation of Ohio law, specifically sections 1533.18 and 1533.181 of the Ohio Revised Code. These sections, when read together, stand for the proposition that ODNR owes no duty to a recreational user to keep park premises safe for entry and travel. Premises in this case include the roadway and shoulder where plaintiff's accident occurred.

{¶3} However, on March 23, 2016, the Court ordered ODNR to supplement its investigation report because in its investigation report ODNR indicated that plaintiff paid no fee to enter or use the premises at Hocking Hills State Park, but plaintiff alleged in his complaint that on the day of the accident he was camping at the Hocking Hills campground. On April 21, 2016, defendant filed its investigation report supplement. In it, ODNR stated that plaintiff paid a fee for the use of the campground and included the receipt verifying that plaintiff paid the fee.

{¶4} Defendant argues that the fact that plaintiff paid a fee to camp at the campground does not change its position that plaintiff was a recreational user. ODNR argues that plaintiff is a recreational user to whom no duty of care is owed because plaintiff did not pay a fee to enter the park generally, and the loss event occurred outside of the campground, specifically on Road 1. Further, defendant argues that even if plaintiff is not a recreational user and is instead an invitee, plaintiff cannot prevail on a theory of negligence.

{¶5} The state owes no duty to recreational users of state parks, who pay no fee or consideration for admission, to keep the premises safe for entry or use. *Phillips v. Ohio Dept. of Natural Resources*, 26 Ohio App.3d 77, 498 N.E.2d 230 (10th Dist.1985). Pursuant to R.C. 1533.18(B), a recreational user has permission to enter upon the premises without payment of a fee or consideration. "Consideration should not be deemed given under R.C. 1533.18(B) unless it is a charge necessary to utilize the overall benefits of a recreational area so that it may be regarded as an entrance or admittance fee." *Moss v. Dept. of Natural Resources*, 62 Ohio St.2d 138, 142, 404 N.E.2d 742 (1980).

{¶6} In situations where some fee is paid to rent facilities, the recreational user statute with all immunity provisions may still be applicable as a defense to liability. In cases where an injury occurs on premises held open for recreational pursuit and some fee has been paid, the applicability of the recreational user statute is determined by focusing on the character of the property upon which the injury occurs and the type of activities for which the property is held open to the public. *Howell v. Buck Creek State Park*, 144 Ohio App.3d 227, 229, 759 N.E.2d 892 (10th Dist.2001)*; Miller v. Dayton*, 42 Ohio St. 3d 113, 537 N.E.2d 1294, paragraph one of the syllabus; *Reed v. City of Miamisburg*, 96 Ohio App.3d 268, 644 N.E.2d 1094 (2nd Dist.1993). A review of the case law with regard to recreational users reveals that it is a very fact intensive analysis.

{¶7} For example, in *Reed*, the plaintiff was injured when he stepped into an

unfilled hole on the premises of Mound Park in Miamisburg, Ohio.  The plaintiff paid a fee to rent a shelter house at Mound Park.  In applying the recreational user statute with its immunity provisions to the facts of that case, the Court determined the fee to pay for the shelter house rental did not equate to a fee to utilize the overall benefits of the park, including the park grounds where the unfilled hole was located.

{¶8} In *Howell*, the plaintiffs rented a cabin at Buck Creek State Park and were injured when a steel catwalk leading from the shore to wooden docks at the marina collapsed causing plaintiffs to fall into the park reservoir.  In applying the recreational user statute to the facts of *Howell*, the Court adopted the reasoning in *Reed* that a rental fee to utilize a particular service did not equate to a park entrance fee or particularly a fee to proceed to the park marina.

{¶9} However, in *Huth v. State*, 64 Ohio St.2d 143, 145, 413 N.E.2d 1201 (1980), the plaintiff and her husband paid a fee to Mohican State Park for the right to attach their trailer to an "electric hook-up" outlet and plaintiff's husband was electrocuted while connecting the electric hook-up.  The Ohio Supreme Court determined that the plaintiff was not a recreational user because the fee paid to enter and use the trailer site and its facilities was a "charge necessary to utilize the overall benefits of a recreational area * * *."

{¶10} While it appears that utilizing Road 1 to access the campground that plaintiff paid a fee for would be a "charge necessary to utilize the overall benefits of a recreational area," it is not necessary for the Court to make a determination as to whether plaintiff was a recreational user or not to reach a decision in this case.  Even if plaintiff is an invitee and not a recreational user, plaintiff's case ultimately still fails.

{¶11} Turning to the law regarding invitee status, invitees are "persons who come upon the premises of another, by invitation, express or implied, for some purpose which is beneficial to the owner."  *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986).  "It is the duty of the owner of the premises to exercise ordinary care and to

protect the invitee by maintaining the premises in a safe condition." *Id.* "This duty includes maintaining the premises in a reasonably safe condition and warning an invitee of latent or concealed defects of which the possessor has or should have knowledge. However, it is also well-established that balanced against this duty, the owner of premises is not to be held as an insurer against all forms of risk." *Baldauf v. Kent State Univ.*, 49 Ohio App.3d 46, 48, 550 N.E.2d 517 (10th Dist.1988) (citations omitted).

{¶12} In its investigation report supplement, ODNR states that the incident occurred around 6:30 p.m. on September 5, 2015, and that the pothole would have been readily visible during that time of the day. Further, in its initial investigation report, ODNR included a Campground Occupancy Report for September 5-6, 2015 (Exhibit 2) that shows that the campgrounds were filled to capacity during the time plaintiff stayed at Hocking Hills campground, and there were no other complaints or damage claims about potholes on Road 1 at Hocking Hills State Park either before or after plaintiff's accident. As such, the Court concludes that defendant, as possessor of the property, did not know about the pothole, nor should have had knowledge of the pothole that caused damage to plaintiff's vehicle. As such, plaintiff's claim is denied.

| | |
|---|---|
| RONALD E. DODGE, SR. | Case No. 2015-00894-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| OHIO DEPARTMENT OF NATURAL RESOURCES | ENTRY OF ADMINISTRATIVE DETERMINATION |
| Defendant | |

Having considered all the evidence in the claim file, and for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs shall be absorbed by the court.

_____
MARK H. REED
Clerk

Entry cc:

Ronald E. Dodge, Sr.                    Charles G. Rowan
229 North Bickett Road                  Ohio Department Of Natural Resources
Xenia, Ohio 45385                       2045 Morse Road
                                        Columbus, Ohio 43229

Filed 8/18/16
Sent to S.C. Reporter 10/4/16