IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

JERRID ALLEN and JADE ALLEN, husband and wife,
*Plaintiffs/Appellants*,

*v.*

TOWN OF PRESCOTT VALLEY a Municipal Corporation of Arizona,
*Defendant/Appellee*.

No. 1 CA-CV 16-0728
FILED 3-13-2018

---

Appeal from the Superior Court in Yavapai County
No. P1300CV201500935
The Honorable Patricia A. Trebesch, Judge

**REVERSED AND REMANDED**

---

COUNSEL

Mingus Mountain Law Group, PLLC, Prescott Valley
By Mark A. Kille
*Co-Counsel for Plaintiffs/Appellants*

Knapp & Roberts, PC, Scottsdale
By David L. Abney
*Co-Counsel for Plaintiffs/Appellants*

The Doyle Firm, PC, Phoenix
By William H. Doyle, Dwayne E. Ross
*Counsel for Defendant/Appellee*

---

## OPINION

Presiding Judge Diane M. Johnsen delivered the opinion of the Court, in which Judge Kent E. Cattani and Judge Jennifer M. Perkins joined.

---

**J O H N S E N**, Judge:

**¶1**　　　　Jerrid Allen sustained serious head injuries playing softball in a league sponsored by the Town of Prescott Valley.  After Allen sued for negligence, the superior court granted summary judgment to the Town under the recreational-use immunity statute, Arizona Revised Statutes ("A.R.S.") § 33-1551 (2018).[1]  We hold the fee the Town charged Allen's team to play in the league did not deprive the Town of the statute's protection, but remand for a trial on whether the Town acted with gross negligence.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　The Town charged softball teams $270 each to play in an eight-game league at Mountain Valley Park.  The fee partially offset costs the Town incurred in running the league, including field maintenance, lighting and umpires.  On the night Allen was hurt, two light standards in the outfield were not functioning, and a fly ball hit Allen in the face after he lost it in the dark.  On summary judgment, Allen presented evidence that the umpire the Town hired for the game could have postponed play due to the malfunctioning lights but did not do so.

**¶3**　　　　The superior court entered summary judgment for the Town, reasoning that the fee Allen's team paid to play in the league was a "nominal fee" within the meaning of § 33-1551(C)(5) and that Allen had not offered evidence sufficient to show the Town acted with gross negligence.  Allen timely appealed.  We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) (2018) and -2101(A)(1) (2018).

### DISCUSSION

**¶4**　　　　Summary judgment may be granted "if the moving party shows that there is no genuine dispute as to any material fact and the

---

[1]　　　　Absent material revision after the relevant date, we cite the current version of a statute or rule.

moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We review the superior court's entry of summary judgment *de novo*, *Dreamland Villa Community Club, Inc. v. Raimey*, 224 Ariz. 42, 46, ¶ 16 (App. 2010), and construe all facts in favor of Allen, the nonmoving party, *Melendez v. Hallmark Ins. Co.*, 232 Ariz. 327, 330, ¶ 9 (App. 2013).

## A.    "Recreational User" and "Nominal Fee."

¶5        Section 33-1551 offers limited immunity to a property owner sued by a "recreational user." In relevant part, it provides:

> A. A public or private owner, easement holder, lessee, tenant, manager or occupant of premises is not liable to a recreational or educational user except on a showing that the owner, easement holder, lessee, tenant, manager or occupant was guilty of wilful, malicious or grossly negligent conduct that was a direct cause of the injury to the recreational or educational user.
>
> *       *       *
>
> C. For purposes of this section:
>
> *       *       *
>
> 5. "Recreational user" means a person to whom permission has been granted or implied without the payment of an admission fee or any other consideration to . . . enter premises to . . . engage in . . . outdoor recreational pursuits. . . . A nominal fee that is charged by a public entity or a nonprofit corporation to offset the cost of providing the educational or recreational premises and associated services does not constitute an admission fee or any other consideration as prescribed by this section.

¶6        Under this provision, a "recreational user" may recover against a property owner in tort only upon proof of "wilful, malicious or grossly negligent conduct." A.R.S. § 33-1551(A). At issue here is the meaning of "recreational user," which the statute defines as one who enters without "payment of an admission fee." A.R.S. § 33-1551(C)(5). The statute provides that a "nominal fee that is charged . . . to offset the cost of . . . [the] premises and associated services does not constitute an admission fee." *Id*. Thus, as applied here, the Town enjoys qualified immunity from suit if the fee it charged was "nominal" and imposed to offset the cost of the relevant

premises and services. *MacKinney v. City of Tucson*, 231 Ariz. 584, 590-91, ¶ 19 (App. 2013).

**¶7** Allen does not dispute that the fee the Town charged was intended to "offset, in part, the costs incurred . . . in running the league." He argues, however, that the fee was too high to be nominal. Whether a fee is nominal under § 33-1551(C)(5) is a mixed question of law and fact that we review *de novo*. *MacKinney*, 231 Ariz. at 591, ¶ 20 (mixed question); *Link v. Pima County*, 193 Ariz. 336, 341, ¶ 18 (App. 1998) (court decides issue when there is no factual dispute); *State v. Ortiz*, 238 Ariz. 329, 342, ¶ 60 (App. 2015) (standard of review).

**¶8** The statute does not define "nominal," and the dictionary does not provide an objective meaning that can be readily applied across the expanse between an obviously "nominal" fee and the obviously not. *See* Black's Law Dictionary (10th ed.) (2014) at 1210 ("trifling, esp. as compared to what would be expected"). When, as here, a statute does not define a term that lacks an objective meaning, we try to discern the legislature's intent by looking "to the statute's history, context, consequences, and purpose." *Wilks v. Manobianco*, 237 Ariz. 443, 446, ¶ 8 (2015); *see Mail Boxes v. Indus. Comm'n of Arizona*, 181 Ariz. 119, 122 (1995) (when statute "does not expressly provide a clear definition" of a term, court "must define it in a way that avoids absurdity and fulfills the legislature's purpose"). Moreover, because the statute limits common-law liability, we strictly construe it to avoid granting unintended immunity from suit. *Stramka v. Salt River Recreation, Inc.*, 179 Ariz. 283, 285 (App. 1994). On the other hand, we must try to give effect to the purpose of the statute, which was "to encourage landowners to open their lands to the public for recreational use." *Dickey ex rel. Dickey v. City of Flagstaff*, 205 Ariz. 1, 2, ¶ 7 (2003).

**¶9** Here, the statute's history shows that the purpose of the "nominal fee" provision is to ensure that a property owner does not lose the statute's protection by charging a fee on the order of what the Town charged Allen's team. The legislature added the "nominal fee" language to § 33-1551 in response to this court's opinion in *Prince v. City of Apache Junction*, 185 Ariz. 43 (App. 1996). S.B. 1116, 43d Leg., 2d Reg. Sess., Ariz. Laws 1998, Ch. 22, § 1. In *Prince*, we addressed a negligence claim brought by a softball player injured during a city-league game. 185 Ariz. at 44. We reversed the superior court's dismissal of the claim, reasoning that the $250 fee the city charged each team was an "admission fee" that rendered § 33-1551 inapplicable. 185 Ariz. at 45-47.

¶10       Two years later, the legislature amended § 33-1551 by adding the provision that a property owner would not lose the protection of the statute by charging a "nominal fee" to maintain the premises and associated services. A.R.S. § 33-1551(C)(1), (5). The Senate fact sheet for the 1998 amendment cited *Prince*, explaining that decision had called into question whether cities should charge even a "nominal fee" for the use of public parks and fields.[2] The implication of the fact sheet was that the amendment would have applied to the $250 fee the city charged the team in *Prince*. That being the case, we conclude that the $270 the Town charged Allen's team likewise was a "nominal fee" within the meaning of the statute.

¶11       Allen's argument to the contrary is that, apart from the statute's history, the $270 his team paid to play in the league is not a "nominal" charge for "the average person[] . . . to enter a field to play softball." But the "recreational user" in this case whose claim might be subject to § 33-1551(A) is Allen, not his team. For that reason, whether his claim falls within the statute depends on whether the fee effectively charged *him* is "nominal." The $270 the Town charged a team allowed each of the team's players to enter the field for eight games over the course of the league season. The Town calculates that the fee amounted to $2.81 per player per game, an assertion Allen does not question. The Town could have charged each player in the league on a per-game basis; that it chose to more efficiently bill one representative of each team for the entire season does not change the analysis. Nor does it matter for this purpose that Allen

---

[2]     The fact sheet stated:

> A recent Court of Appeals decision (**Prince v. City of Apache Junction**) held that if a fee is charged -- even a nominal fee to offset the costs of electricity, umpires, etc. -- that the liability protection would not apply.

> Proponents of S.B. 1116 state that this decision has created a negative financial impact upon cities and towns, by creating a disincentive to charge a nominal fee for the use of their recreational facilities. They hope that this legislation will remove the disincentive to charge fees.

Senate Fact Sheet, S.B. 1116, 43d Leg., 2d Reg. Sess., (Feb. 13, 1998), https://www.azleg.gov/legtext/43leg/2r/summary/s.1116.jud.htm; *see State v. Payne*, 223 Ariz. 555, 563, n.5, ¶ 25 (App. 2009) ("Arizona courts have cited Senate fact sheets as relevant legislative history and as reflective, though not dispositive, of legislative intent.").

himself paid most of the fee the Town charged his team and that most of his teammates did not reimburse him their shares of the total.

¶12      In sum, based on the statute's history, and viewed on a per-player, per-game basis, the fee the Town charged was a "nominal fee" within the meaning of A.R.S. § 33-1551(C)(5).

## B.     Gross Negligence.

¶13      Because the fee the Town charged was nominal, as applied here, the statute bars Allen from recovering unless he can show that the Town "was guilty of wilful, malicious or grossly negligent conduct." A.R.S. § 33-1551(A). Allen argues the Town acted with gross negligence, which the statute defines as "knowing or reckless indifference to the health and safety of others." A.R.S. § 33-1551(C)(2).

¶14      The superior court ruled Allen failed to offer evidence sufficient to create a genuine issue of fact concerning gross negligence. On appeal, the Town contends Allen waived his right to recover under § 33-1551 by not expressly pleading "gross negligence" in his complaint and by failing to reference "gross negligence" in his disclosure statement. As to Allen's complaint, the issue of qualified immunity under § 33-1551 was not implicated until the Town asserted it in its answer. The Town offers no authority for the proposition that at that point, Allen was obligated to move for leave to amend his complaint to add a claim for "gross negligence." As for Allen's disclosures, the issue is whether the facts he disclosed were sufficient to prove the Town breached a gross negligence standard of care, not whether he disclosed a claim specifically labeled "gross negligence." *See* D. Dobbs, P. Hayden & E. Bublick, The Law of Torts (2d ed.) (2011) § 140, at 437 ("gross negligence . . . is sometimes a standard adopted in statutes to limit defendants' liability").

¶15      On the merits, Allen argues the superior court erred by ruling he failed to offer evidence sufficient to establish gross negligence, which normally presents a question of fact for the jury. *See S. Pac. Transp. Co. v. Lueck*, 111 Ariz. 560, 563 (1975) ("Where the evidence discloses several acts of negligence, whether gross or wanton negligence is established is a matter for the jury."). "In order to present such an issue to the jury, gross negligence need not be established conclusively, but the evidence on the issue must be more than slight and may not border on conjecture." *Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 595 (App. 1991); *see Smith v. Chapman*, 115 Ariz. 211, 215-16 (1977) (reversing directed verdict on gross negligence).

¶16 Allen asserts that the "knowing or reckless indifference" definition in § 33-1551(C)(2) establishes a lesser burden for proving gross negligence than the common-law standard of gross negligence. We disagree. *See Armenta v. City of Casa Grande*, 205 Ariz. 367, 372-73, ¶ 20 (App. 2003) (citing *Williams v. Thude*, 180 Ariz. 531, 539 (App. 1994), *remanded on other grounds*, 188 Ariz. 257 (1997) (defining "reckless indifference")); Rev. Ariz. Jury Inst. Civ., Negligence 10 (2013) (defining "willful or wanton conduct"). Nevertheless, we conclude Allen offered evidence sufficient to create a genuine issue as to whether the Town acted with gross negligence, rendering summary judgment improper.

¶17 In response to the Town's motion, Allen presented evidence that the lights on two standards were not functioning at game time, causing "dark spots" in the outfield, and that the Town had known of the issue for three to five days. He also showed that the umpire the Town hired could have postponed the game due to the lighting issues but did not do so. Viewed in a light most favorable to Allen, a reasonable juror could conclude the Town acted knowingly or with reckless indifference by failing to either timely repair the malfunctioning lights or halt play until the lights were repaired. *See, e.g., Noriega v. Town of Miami*, 243 Ariz. 320, ___, ¶ 41 (App. 2017) (reversing summary judgment on gross negligence claim when "reasonable minds could disagree . . . that [the defendant's] conduct simply did not rise to the level of gross negligence.").

## CONCLUSION

¶18 For the reasons stated, we conclude that under A.R.S. § 33-1551(C)(5), Allen was a "recreational user" and the fee the Town charged his team was "nominal." As applied, therefore, Allen can prevail only if he can show the Town acted with gross negligence. We also conclude that Allen offered evidence sufficient to create a genuine issue as to gross negligence. Accordingly, we reverse the judgment in favor of the Town and remand for further proceedings consistent with this opinion.

